UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA GOMEZ,<br><br>        Plaintiff,<br><br>v.<br><br>KAYTHAN CAPITAL,<br><br>        Defendant. | Case No.: C 11-02273 PSG<br><br>**ORDER TO REASSIGN CASE TO A U.S. DISTRICT COURT JUDGE; REPORT AND RECOMMENDATION FOR DISMISSAL WITHOUT PREJUDICE** |

Plaintiff Maria Gomez ("Gomez") proceeding *pro se* applies to proceed *in forma pauperis.* "It is the duty of the District Court to examine any application for leave to proceed *in forma pauperis* and determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed *in forma pauperis*."[1]

Based on the application and the file herein,

IT IS HEREBY ORDERED that this case be reassigned to a U.S. District Court Judge with the recommendation that the motion be denied and the case dismissed without prejudice.[2]

---

[1] *Smart v. Heinze,* 347 F.2d 114, 116 (9th Cir. 1965).

[2] This court is ordering reassignment to a District Court Judge because, absent the consent of all parties, a Magistrate Judge does not have authority to issue case-dispositive rulings. *See, e.g., Tripati v. Rison,* 847 F. 2d 548, 549 (9th Cir. 1988).

ORDER, *page 1*

In the complaint, Gomez alleges a violation of the Protecting Tenants at Foreclosure Act of 2009. "("PTFA"). The action arises from efforts to evict Gomez from residential property located at 1870 Armand Drive in Milpitas, California. (the "Property"). Gomez is a tenant of the former owner of the Property that was later foreclosed upon. Gomez alleges that Defendant Kaythan Capital ("Kaythan") purchased the Property at a trustee's sale and, shortly thereafter, served Gomez with an unlawful three-day notice to vacate.

On February 24, 2011, Kaythan filed a complaint for unlawful detainer in the Superior Court of the County of Santa Clara. On April 26, 2011, Gomez filed the instant action in federal court.

The PTFA is a relatively recent federal statute that provides certain protections to tenants who reside in foreclosed property, including, where applicable, the right to continue living in the premises for the duration of their lease and the right to a 90-day eviction notice. The PTFA states that:

> [I]n the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to–
>
> (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and
>
> (2) the rights of any bona fide tenant, as of the date of each notice of foreclosure -
>
> (A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease.[3]

In *Cort v. Ash,* the Supreme Court set forth a four-factor test for evaluating whether a federal statute creates a right of action that may be enforced by private parties in federal court.[4] Those factors are (1) whether the plaintiff is "one of the class for whose especial benefit the statute was enacted;" (2) whether "there [is] any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one;" (3) whether it is "consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff;" and (4) whether the "cause of action [is] one traditionally relegated to state law, in an area basically the concern of the States, so that it

---

[3] *See* 123 Stat. 1632, 1660 (2009).

[4] *Cort v. Ash*, 422 U.S. 66, 78 (1975).

ORDER, *page 2*

would be inappropriate to infer a cause of action based solely on federal law."[5] Since *Cort,* the Supreme Court has effectively condensed the *Cort* analysis into a single factor – whether Congress expressly or by implication intended to create a private cause of action.[6]

On its face, the PTFA does not expressly state any private right of action. The legislative history further emphasizes that the PTFA was intended to allow tenants who are victims of the foreclosure crisis a protection that can be used in the state courts to combat unlawful evictions.[7] Based on this omission of any express private right, and the legislative history confirming that the statute's protections apply in response to state court evictions, the court must conclude a private right of action does not exist under the PTFA. Every other court identified by the undersigned to have considered the issue has found no private federal right of action in the PTFA.[8]

Accordingly, this court orders that the case be reassigned to U.S. District Court Judge and recommends that the District Court dismiss the case without prejudice.

IT IS SO ORDERED.

Dated: June 21, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[5] *See id.*

[6] *See Transamerica Mortgage Advisors, Inc. v, Lewis,* 444 U.S. 11, 15-16 (1979).

[7] *See* 155 CONG. REC. S5111 (daily ed. May 5, 2009) (statement of Sen. Kerry). *See, e.g., See Bank of Am., N.A. v. Owens*, 2010 N.Y. Misc. LEXIS 954 (N.Y. Sup. Ct. May 4, 2010).

[8] *See Nativi v. Deutsche Bank National Trust Company,* Case No. 09-6096 PVT, 2010 WL 2179885, at *2-4 (N.D. Cal. May 26, 2010); *Claremont 1st Street Investors v. Espinoza,* Case No. 10-3532 GAF (DTBx), 2010 WL 2486804, at *3 (C.D. Cal. Jun. 15, 2010); *Fannie Mae v. Lemere,* Case No. 10-1474 MCE GGH PS, 2010 WL 2696697, at *2 (E.D. Cal. Jul. 6, 2010); *Zalemba v. HSBC Bank, USA, et al.,* Case No. 10-1646 BEN (BLM), 2010 WL 3894577, at *1 (S.D. Cal. Oct. 1, 2010); *Wescom Credit Union v. Dudley,* Case No. 10-8203 GAF (Ssx), 2010 WL 4916578, at *2 (C.D.Cal. Nov. 22, 2010); *Martin v. LaSalle Bank National Assoc.,* Case No. 10-1775 BTM (BGS), 2011 WL 9583, at *1 (S.D. Cal. Jan. 3, 2011); *Cohn v. Bank of America,* Case No. 10-00865 MCE KJN PS, 2011 WL 98840, at *6 (E.D. Cal. Jan. 12, 2011); *BDA Investment Properties LLC v. Sosa,* Case No. 11-03684 GAF (Rzx), 2011 WL 1810634 (C.D. Cal. May 12, 2011); *Wells Fargo Bank v. Lapeen,* Case No. 11-01932 LB, 2011 WL 2194117, *4 (N.D. Cal. Jun. 6, 2011).